NATHANIEL WIGGIN *vs.* A. S. LEWIS & another.

Since *St.* 1851, *c.* 255, the plaintiff, in a suit upon a contract against two partners, may recover against one, if the proof makes him alone liable, without any amendment of the declaration.

ACTION OF CONTRACT against the defendants, partners in trade, sued as acceptors of a draft, as follows : " Salem, Aug. 14th, 1851. Messrs. A. S. & W. G. Lewis. Please pay Na thaniel Wiggin or order twelve hundred dollars, and charge the same to my account. Otis Roberts."

At the trial in the court of common pleas, September term, 1852, the plaintiff relied upon a parol acceptance. There was evidence tending to show that the draft grew out of some business transacted between Roberts, the drawer, and W. G. Lewis, one of the defendants, with which the firm of A. S. & William G. Lewis had caused a portion of the draft to be paid, and promised to pay the remainder in two weeks after the first payment. The plaintiff contended that if this draft

was accepted by William G. Lewis in his own private business, independent of the firm, a verdict might be found in favor of A. S. Lewis, and against W. G. Lewis alone. The defendant contended that, on this declaration, a verdict must be found either in favor of both defendants or against both. But *Perkins,* J. ruled that if the draft related to the business of the firm, and was drawn in that business, the jury might find against both of the defendants ; but if the business in relation to which the draft was drawn was the separate and private business of W. G. Lewis, and so understood by all the parties, and the draft was proved to have been accepted by him on his own private account, the jury might find a verdict against him alone.

The defendant also requested the court to instruct the jury, that if W. G. Lewis had promised to pay the draft, such promise could not be considered an acceptance of the draft drawn upon the firm, but merely a promise to pay money, for which promise a consideration must be proved.

The court ruled that unless the jury were satisfied that the draft had been accepted by the defendant, W. G. Lewis, they would find for him ; that the jury might find this acceptance from an unqualified promise of said defendant to the plaintiff to pay the draft when it was presented for acceptance, the draft being in this case *primâ facie* proof of a good consideration. The verdict was against W. G. Lewis, and he excepted to the rulings.

*J. C. Dodge,* for W. G. Lewis.

*S. H. Phillips,* for the plaintiff.

By the Court. The case, we think, is within the provisions of *St.* 1851, *c.* 255, and the directions were right. That statute provides that in any action founded on contract, express or implied, in which more persons than one are defendants, the plaintiff shall be entitled to judgment against those, who shall, upon trial, be found liable in the contract declared on. No amendment of the declaration is required. The legal effect of the statute is, that such discrepancy between the contract declared on, and that proved, shall be deemed no variance. W. G. Lewis, we think, was liable as

acceptor. The bill was drawn on himself and another jointly. He accepted in his own name and that of a partner, whom he had no power to bind by such acceptance, but that circumstance did not avoid his own act. He had power to bind, and did bind himself. *Exceptions overruled.*